**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L Miner,<br><br>              Petitioner,<br><br>v.<br><br>Jason Gunther,<br><br>              Respondent. | No. CV-24-01662-PHX-JAT<br><br>**ORDER** |

     Pending before the Court is a Report and Recommendation ("R&R"), (Doc. 14), regarding Petitioner's Petition for Writ of Habeas Corpus ("Petition") filed under 28 U.S.C. § 2241, (Doc. 1). Petitioner filed objections to the R&R. (Doc. 16). Respondent replied. (Doc. 17).

     **I.**     **Review of R&R**

     This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the

portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Objections must be specific, not general. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas*, 474 U.S. at 149) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) ("[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted). "[S]imply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

## II. Background

The R&R discusses the relevant factual and procedural background of this case. (Doc. 14 at 1-6). Petitioner does not object to this part of the R&R and the Court adopts it.

## III. Objections

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served a copy of the [R&R], a party may serve and file specific written objections." Per the "prison mailbox rule," the Court deems a document "filed" when delivered by an incarcerated person to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Here, the Magistrate Judge issued the R&R on January 30, 2025. (Doc. 14). Thus, any objections must have been filed by February 13, 2025 (14 days later). Petitioner was

incarcerated at the time of mailing and he delivered his objections to prison officials on February 18, 2025. (Doc. 16 at 3). Thus, even given the benefit of the prison mailbox rule, Petitioner's objections are untimely.

Alternatively, even if Petitioner's objections were timely, the Court overrules them. First, Petitioner attempts to re-assert arguments made in his Petition. (Doc. 16 at 2 ("With respect to the remaining grounds, the Petitioner would assert that the arguments made in the Petition . . . accurately reflect the Petitioner's position on the matter.")). However, "simply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

Petitioner also references a "Reply Brief" that the Court did not receive but that "Petitioner asserts . . . was mailed for filing and was done so in the time permitted by the Court for the filing of such a reply." (Doc. 16 at 2). Petitioner is correct that the Court does not have the Reply he references, and Petitioner did not send another copy.

Finally, Petitioner objects to the R&R because the R&R did not address Petitioner's argument that "he could never achieve minimum or low risk for recidivism" on the Federal Bureau of Prison's ("BOP") PATTERN[1] Risk Assessment. (Doc. 16 at 1-2). Under the PATTERN assessment, "Petitioner receives an automatic 40 points . . . for his Criminal History Category and another 14 points for his age," which alone puts him in a "medium" recidivism category and thereby ineligible for additional time credits under the First Step Act. (Doc. 16 at 2; Doc. 14 at 3). Respondent responds that the R&R did not address this argument because Petitioner did not raise the issue of *his particular* PATTERN assessment score in his Petition, but rather raised the broader issue of the "BOP's policy . . . of not applying [earned time credits] until an inmate has maintained a medium or low risk of recidivism during the term of imprisonment." (Doc. 17 at 2-3). Respondent thereby characterizes the issue of Petitioner's score as a new cause of action not raised in the Petition. (Doc. 17 at 3). Even assuming that Petitioner did challenge how his recidivism

---

[1] PATTERN stands for the "Prisoner Assessment Tool Targeting Estimated Risk and Needs."

risk is calculated under the PATTERN assessment in his Petition, Petitioner did not then, and does not now, include any statutory or legal basis for such a challenge. Petitioner's frustration with how his recidivism risk is calculated is not a reason to reject the PATTERN assessment altogether. The Court therefore overrules this objection.

### IV.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. 14) is accepted and adopted; the objections (Doc. 16) are overruled. Ground 1 of Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED** and Grounds 2 and 3 are **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

Dated this 24th day of March, 2025.

James A. Teilborg
Senior United States District Judge